No. 04-751

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 212N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

FRED MUSIL,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC-1999-7,
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Martin Eveland, Assistant Public Defender, Helena, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

        Leo Gallagher, County Attorney; Deborah Butler, Special Deputy
County Attorney, Helena, Montana

Submitted on Briefs:  August 10, 2005

Decided:  August 30, 2005

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Fred Musil (Musil) appeals from the judgment entered by the First Judicial District Court, Lewis and Clark County, on his convictions on five counts of cruelty to animals and one count of failure to license his dogs. We affirm.

¶3      The issues Musil raises are whether the District Court abused its discretion in admitting evidence regarding dogs other than the five specifically named dogs in the cruelty to animal charges, and whether the District Court abused its discretion in instructing the jury regarding the definition of the offense of cruelty to animals.

¶4      The State of Montana (State) charged Musil by amended complaint with five counts of misdemeanor cruelty to animals based on allegations he knowingly or negligently subjected five dogs to mistreatment or neglect by confining the dogs in a cruel manner in violation of § 45-8-211(1)(b), MCA. The amended complaint also charged Musil with one misdemeanor count of failure to license 50 dogs in violation of a county ordinance. A jury trial was held in the Lewis and Clark County Justice Court resulting in guilty verdicts on all six counts. Musil appealed to the District Court and received a trial *de novo*.

2

¶5     At trial in the District Court, the State presented testimony and evidence--including photographs and a videotape--documenting the conditions under which Musil confined and cared for over 50 dogs. Musil objected to the State presenting evidence regarding the care and confinement of dogs other than the five dogs specifically mentioned in the amended complaint. The District Court overruled the objection. During the settling of jury instructions, the State offered an instruction defining the offense of cruelty to animals as provided in § 45-8-211(1)(b), MCA, which relates to carrying or confining any animal in a cruel manner. This is the subsection of the statute which the State specifically charged Musil with violating. Musil objected to the instruction and offered an alternative instruction which included all the various definitions of cruelty to animals contained in § 45-8-211(1), MCA. The District Court refused Musil's instruction and gave the State's instruction. The jury eventually returned a verdict finding Musil guilty on all six counts. The District Court sentenced Musil and entered judgment. Musil appeals.

¶6     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The determination of whether evidence is relevant and admissible is within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion. *State v. Snell*, 2004 MT 334, ¶ 17, 324 Mont. 173, ¶ 17, 103 P.3d 503, ¶ 17. Additionally, a trial court has broad discretion in formulating jury instructions and we will not reverse the trial court unless the instructions prejudicially affect the defendant's substantial rights. *State v. Grindheim*, 2004 MT 311, ¶ 17, 323 Mont. 519, ¶ 17, 101 P.3d

267, ¶ 17. It is manifest on the face of the briefs and the record that this appeal is without merit because there was no abuse of judicial discretion.

¶7    Affirmed.

/S/ KARLA M. GRAY

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE